UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL GOODWIN,

               Petitioner,

v.

M. CRUZ, Warden, et al,
FEDERAL PRISON CAMP,
DULUTH, MN,

               Respondents.

Civil No. 08-707 (MJD/JJG)

**REPORT AND
RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner=s

application for habeas corpus relief under 28 U.S.C. ' 2241.  The case has been referred to

this Court for report and recommendation pursuant to 28 U.S.C. ' 636 and Local Rule 72.1.

For the reasons discussed below, it is recommended that the petition for writ of habeas

corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254

Cases In The United States District Courts.[1]

## I.   BACKGROUND

In September 2001, Petitioner entered a guilty plea, in the United States District Court

for the Eastern District of Missouri, to one count of possessing with intent to distribute crack

---

[1] Rule 4 provides that A[i]f it plainly appears from the petition and any attached exhibits
that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition
and direct the clerk to notify the petitioner.@ Although The Rules Governing Section 2254
Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to
28 U.S.C. ' 2254, they also may be applied to habeas cases brought under 28 U.S.C. ' 2241.
 Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002),
2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989);

cocaine.  Petitioner was informed that he would not be sentenced until after a pre-sentence

report, (APSR@), was prepared and submitted to the Court.  Thereafter, a PSR was filed, and

Petitioner and his attorney had an opportunity to review it.  Petitioner and his attorney found

several aspects of the PSR that they deemed to be objectionable, and they filed timely written

objections to the PSR.   (Petition, [Docket No. 1], p. 3(a), Ex. D.)   The trial court judge

conducted at least one hearing on Petitioner=s objections to the PSR, and some B but not all B

of Petitioner=s objections ultimately were accepted by the trial court judge.  (Id., Exs. E, F and

G.)   Petitioner contended that his  Aoffense level,@ for purposes of applying the federal

Sentencing Guidelines, should be 32.  However, the trial court judge rejected that contention,

and found the correct offense level to be 34.

On November 30, 2001, Petitioner was sentenced to 151 months in federal prison,

based on the trial court judge=s determination of an offense level of 34. According to Petitioner,

the Apronouncement of sentence in which an ›upward departure= was incorporated (from 32 to

34) [was] based upon disputed evidence.@ (Petition, p. 3(b).)

Despite Petitioner=s vigorous opposition to the PSR, and despite his belief that the trial

court=s determination of his offense level was Abased on disputed evidence,@he did not file a

direct appeal after he was sentenced.  Petitioner later filed a motion seeking relief from his

conviction under 28 U.S.C. ' 2255, but he apparently did not challenge the PSR, or the trial

court=s determination of his offense level, in that motion.  In any event, Petitioner=s ' 2255

motion was denied by the trial court.  He attempted to appeal that ruling, but he was not able to

secure a Certificate of Appealability, as required by 28 U.S.C. ' 2253.

---

Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner subsequently tried to challenge his conviction in a ' 2241 habeas corpus petition filed in the Eastern District of Arkansas, (where he was then incarcerated), but that petition was summarily dismissed. (Goodwin v. Sanders, Case No. 2:05CV00184 HDY (E.D. Ark. 2005).)  In addition, Petitioner has filed two applications with the Eighth Circuit Court of Appeals, seeking permission to file another ' 2255 motion in the trial court.  Although both of those requests were denied, Petitioner has nevertheless continued to file various motions in his original criminal case.  To date, all of Petitioner=s efforts to challenge his conviction and sentence have been unsuccessful.

On March 17, 2008, Petitioner filed his present application for a writ of habeas corpus pursuant to 28 U.S.C. ' 2241.  He is now attempting to challenge the sentence imposed in 2001 in his Missouri federal criminal case.  Petitioner claims, (as he did even before he was sentenced), that his PSR is inaccurate.  He further claims that because the trial court judge failed to correct the allegedly inaccurate information in the PSR, his offense level, for sentencing purposes, was wrongly determined to be 34, rather than 32.  According to Petitioner, if his sentence had not been Aerroneously and illegally implemented by his sentencing Judge,@ he would be eligible for release from prison as early as October 2008, rather than in November 2012, as currently projected by the federal Bureau of Prisons. (Petition, p. 3(e).)

Petitioner further claims that Afollowing pronouncement of his sentence,@ he was removed from the courtroom, and the trial court judge then continued to discuss the sentencing with the prosecutor and defense counsel. (Id., p. 3(b), Ex. F.) He also claims that the trial court judge prepared a written report on the PSR and the factual determinations that affected the sentencing, and that he (Petitioner) only recently became aware of that report. (Id., pp. 3(c) -

3

3(d), Ex. H.)

Petitioner is seeking a court order in this matter that would correct the errors that allegedly occurred during the course of his original sentencing proceedings in 2001. Such relief, however, is not available in a habeas corpus action brought under 28 U.S.C. '2241. Therefore, this action must be summarily dismissed for lack of jurisdiction.

## II.     DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. ' 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). The fifth paragraph of ' 2255 provides that

> A[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., ' 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.@ (Emphasis added.)

In effect, a motion brought in the trial court under ' 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. A[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under ' 2255... and not in a habeas petition filed in the court of incarceration... under ' 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner=s collateral challenge to his original conviction or sentence under 28 U.S.C. ' 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by ' 2255 A>is inadequate or ineffective to test the legality of...[his] detention.=@ DeSimone v. Lacy, 805 F.2d 321, 323

(8th Cir. 1986) (per curiam), quoting 28 U.S.C. ' 2255.  See also Von Ludwitz v. Ralston,

716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The Ainadequate or ineffective

remedy@ exception is sometimes called the Asavings clause,@ (Abdullah, 392 F.3d at 959),

because when it applies, it can save a ' 2241 habeas petition from being dismissed under the

' 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the

sentence imposed in his Missouri federal criminal case.  He has made it clear that he is

seeking to correct certain errors that allegedly were committed by the trial court judge at the

time of his sentencing in 2001.  Because Petitioner is seeking relief based on errors that

allegedly occurred during the original trial court proceedings, the present petition is barred by

' 2255=s exclusive remedy rule, unless the savings clause applies here.[2]

In some cases, a ' 2241 petition that is barred by the exclusive remedy rule can simply

be construed to be a motion brought under ' 2255.  The matter can then be transferred to the

trial court judge so the prisoner=s claims can be addressed on the merits there.  In this case,

however, Petitioner is precluded from seeking relief under ' 2255, because he has already

done so once before.  Any new request for ' 2255 relief that might now come before the trial

---

[2] Petitioner filed a previous ' 2241 habeas corpus petition in this District, which was summarily dismissed in November 2007.  (Goodwin v. Cruz, Civil No. 07-4209 (MJD/JJG).)  In that case, Petitioner purportedly was challenging the Bureau of Prisons= computation of his sentence.  The case was dismissed, pursuant to a Report and Recommendation by the undersigned Magistrate Judge, because Petitioner had not exhausted his administrative remedies.  The Report and Recommendation in that case specifically pointed out to Petitioner, (at p. 5, fn. 2), that if he was Aseeking a court order that would actually reduce the length of the sentence that was imposed by the trial court judge back in November 2001,... then he should not squander his time and energy seeking relief in a ' 2241 habeas corpus proceeding in the future, because his original sentencing judgment cannot be reviewed in such a proceeding.@

court would have to be treated as a Asecond or successive@' 2255 motion, which, under the

Anti-terrorism and Effective Death Penalty Act, (AAEDPA@), could not be entertained by the

trial court without the prior approval of the Circuit Court of Appeals for the circuit where

Petitioner was convicted.  28 U.S.C. '' 2244(b)(3) and 2255 [& 8].

    Without a pre-authorization order from the appropriate circuit court, a trial court cannot

exercise jurisdiction over a second or successive ' 2255 motion.  Nunez v. United States,

96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir.

2000), 2000 WL 1610732 (unpublished opinion).  Because the instant Petitioner has not

obtained a pre-authorization order from the Eighth Circuit Court of Appeals, (and, in fact, he

has been twice denied such an order), the original trial court could not entertain a new ' 2255

motion at this time.  Id.  Therefore, it would not be appropriate to construe the present habeas

corpus petition as a ' 2255 motion and attempt to transfer this matter to the court in which

Petitioner was convicted and sentenced.

    It also appears that any ' 2255 motion that Petitioner might attempt to bring before the

trial court at this time would be time-barred under the one-year statute of limitations applicable

to ' 2255 motions.  28 U.S.C. ' 2255[ & 6 ].  For this additional reason, it would be

inappropriate to construe the present petition to be a ' 2255 motion, and then transfer it to the

trial court.

    Furthermore, it clearly appears that Petitioner deliberately elected to seek relief under

the ' 2241 habeas corpus statute.  He apparently thinks that his current petition is exempt from

' 2255's exclusive remedy rule under the savings clause, and that he can challenge his

sentence in a ' 2241 habeas proceeding, because he is not presently eligible for relief under

' 2255, due to the restrictions on successive motions and the one-year statute of limitations. That reasoning must be rejected.

The rule against successive ' 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a ' 2255 motion could simply argue that the remedy provided by that statute has become Αinadequate or ineffective,@ and that he should therefore be allowed to bring his claims in a ' 2241 habeas corpus petition.  Congress could not have intended for the rules governing successive ' 2255 motions, and the statute of limitations, to be so easily evaded.  Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that ' 2255 will not be viewed as inadequate or ineffective Αmerely because ' 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive ' 2255 motion... or because a second or successive ' 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire.@  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).  See also Hill, 349 F.3d at 1091 (Αin order to establish a remedy is ›inadequate or ineffective= under ' 2255, there must be more than a procedural barrier to bringing a ' 2255 petition@); Abdullah, 392 F.3d at 959 (Α' 2255 is not inadequate or ineffective merely because the claim was previously raised in a ' 2255 motion and denied, or because a remedy under that section is time-barred@); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that ' 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive ' 2255 motions), cert. denied, 537 U.S. 869 (2002).

ΑA federal prisoner should be permitted to seek habeas corpus [under ' 2241] only if he

7

had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion.@ In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998).  Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a ' 2241 habeas corpus petition, @where a petitioner had any opportunity to present his claim beforehand.@ Abdullah, 392 F.3d at 963.  Applying this rule here, the Court finds that Petitioner is not eligible for the ' 2255 savings clause, because he has had a reasonable opportunity to raise his current claims for relief B first by seeking review of his sentence on direct appeal, and also by seeking review of his sentence in his ' 2255 motion.  Petitioner cannot now contend that ' 2255 is an Ainadequate or ineffective@ remedy, and that he should be allowed to seek relief under ' 2241, simply because he failed to raise his current arguments when he had the opportunities to do so.  See Hill, 349 F.3d at 1092 (' 2255 is not an inadequate or ineffective remedy where the prisoner had Aat least two opportunities to raise [his] argument before the sentencing court@).

The Court has not overlooked Petitioner=s contention that he just recently became aware of (a) the courtroom conversation that occurred in his absence immediately after his sentencing, and (b) the trial court judge=s AWritten Summary of Fact Disputes Concerning PSR and Court=s Determinations.@ (Petition, Ex. H.)  However, even if that is true, it is irrelevant for present purposes.  Petitioner knew, before he was sentenced, that his PSR included certain allegedly erroneous information, and he (and his attorney) raised objections to that information before his sentence was imposed.  Petitioner has not suggested that anyone, (his attorney, the prosecutor, the trial court judge, or anyone else), led him to believe that all of his objections to the PSR had been accepted, and that all of the alleged errors in the PSR had been resolved to

8

his satisfaction, before his sentence was imposed.  Simply put, Petitioner knew, (or certainly should have known), <u>from the time his sentence was imposed</u>, that his sentence was based on information in the PSR that he believed was incorrect.

Even though Petitioner had no reason to believe that the trial court had accepted all of his objections to the PSR, he did not challenge the correctness of his PSR or his sentence in a direct appeal, or in his ' 2255 motion.  Instead, Petitioner waited until more than six years after his sentencing before renewing his pre-sentence challenges to the accuracy of his PSR. Petitioner has not explained how this six-year delay can be attributed to his alleged unawareness of the post-sentencing courtroom conversation that occurred in his absence, or the trial court judge=s summary analysis of the PSR, (Petition, Ex. H).

Again, Petitioner has been aware of the allegedly inaccurate information in his PSR, and that his 151-month prison sentence was based on that information, since at least November 2001.  His failure to challenge his sentence on direct appeal, or in his ' 2255 motion, does not mean that the remedy provided by ' 2255 is Ainadequate or ineffective@ for his current challenges to his sentence.

As the Court of Appeals pointed out in <u>Abdullah</u> B

A[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction.  >That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking.  All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.=@

392 F.3d at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on <u>Abdullah</u>, the Court finds that the savings clause is not applicable here. Petitioner had an adequate procedural opportunity to challenge the correctness of his sentence on direct appeal and/or in his ' 2255 motion, and he is therefore barred from

challenging his sentence in a ' 2241 habeas corpus petition.

## III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner=s current application for habeas corpus relief is a collateral challenge to the validity of the prison sentence imposed by the trial court in his 2001 Missouri federal criminal case; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. ' 2255, unless the remedy provided by that statute is Ainadequate or ineffective;@ (3) the instant petition cannot be construed as a ' 2255 motion, because Petitioner is barred from seeking relief under ' 2255 by the rules governing successive petitions and the statute of limitations; and (4) Petitioner=s present inability to seek relief under ' 2255 does not cause the remedy provided by ' 2255 to be Ainadequate or ineffective@ so as to excuse him from ' 2255=s exclusive remedy rule.  Thus, the Court concludes that Petitioner=s current ' 2241 habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (' 2241 habeas petition challenging conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that ' 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 (A[b]ecause Abdullah did not show that ' 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a ' 2241 petition@).

Finally, the Court notes that Petitioner did not pay the $5.00 filing fee for this case, but instead applied for leave to proceed in forma pauperis, (AIFP@).  (Docket No. 2.)  Because Petitioner has not stated a claim for relief that can properly be entertained in a ' 2241 habeas corpus proceeding, his IFP application must be denied.  See 28 U.S.C. ' 1915(e)(2)(B)(ii);

see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP

application should be denied where claims pleaded in habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner≈s application for leave to proceed in forma pauperis, (Docket No. 2), be

DENIED; and

2.   Petitioner≈s application for habeas corpus relief under 28 U.S.C. ' 2241, (Docket

No. 1), be DISMISSED for lack of jurisdiction.


Dated:  April 3, 2008                               s/ *Jeanne J. Graham*
                                                    JEANNE J. GRAHAM
                                                    United States Magistrate Judge



**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 17, 2008**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party≈s right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. ' 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.